E-FILED
Friday, 24 April, 2026  01:22:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| THE BOARD OF TRUSTEES OF SHEET METAL WORKERS LOCAL 91 HEALTH & WELFARE PLAN, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:25-cv-04100-SLD-RLH |
| INTEGRATED ENVIRONMENTS TESTING & BALANCING, LLC, | ) ) ) ) | |
| Defendant. | ) | |

ORDER

Before the Court is Plaintiff The Board of Trustees of Sheet Metal Workers Local 91 Health & Welfare Plan's motion for default judgment, ECF No. 6, asking the Court to order Defendant Integrated Environments Testing & Balancing, LLC to submit to an audit to determine the amount of contributions required to be paid to a fringe benefits fund under the terms of a collective bargaining agreement. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

BACKGROUND[1]

On July 26, 2021, Defendant agreed to be bound by a collective bargaining agreement ("CBA") governing pay and benefits for members of the Sheet Metal Workers Local 91 Union ("the Union"). Compl. 2; *see* Signature Page, Compl. Ex. B, ECF No. 1 at 42. The CBA was effective from June 1, 2021, through May 31, 2024. CBA 1,[2] Compl. Ex. A, ECF No. 1 at 6–42.

---

[1] Unless otherwise noted, the facts related herein are taken from the Complaint, ECF No. 1. Exhibits attached to the complaint are properly considered part of the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The Court accepts the allegations relating to liability as true by virtue of Defendant's default. *See Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012).

[2] The first two pages of the CBA are unpaginated, but the page numbers used in this order are consistent with the page numbers beginning on the third page of the CBA.

The Union executed a materially identical collective bargaining agreement covering the period of June 1, 2024 to May 31, 2027.  Extended CBA 1,[3] Supp. Br. Ex. A, ECF No. 7-1.  The CBA compelled Defendant to make payments to a health and welfare plan ("the Plan") and submit monthly reports of such contributions.  "Failure of the Employer to remit promptly the payroll report or contribution payments on or before the fifteenth day of the following month shall be a violation of [the CBA]."  CBA 8; Extended CBA 8.  Defendant "failed to file contribution reports or pay contributions for the months of May through December of 2024, and January through April 2025."  Compl. 3.

Plaintiff serves as the trustee of the Plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1101–1461.  The CBA empowered Plaintiff "to order an audit of [Defendant's] payroll records" to ensure proper payment of wages and benefits.  CBA 10; Extended CBA 9.  When an audit is ordered, the CBA requires Defendant to make its financial records available to auditors within ten days and otherwise cooperate with the audit. "In the event the audit discloses a willful underpayment of wage and/or benefits, [Defendant] agrees to promptly pay such amounts as reasonably necessary to bring current the obligations plus pay 2% interest per month on any outstanding balance."  CBA 10; Extended CBA 9.

On May 16, 2025, Plaintiff filed suit under §§ 1132 and 1145 of ERISA.  Plaintiff seeks an order requiring Defendant to submit to an audit and accounting "as to all employees of [Defendant] covered by the CBA as to wages received and hours worked by such employees to determine amounts required to be paid to the Plan."  Compl. 4.  Plaintiff further asks the Court to order Defendant to submit all delinquent monthly contribution reports, pay delinquent pension fund contributions, and pay attorney's fees pursuant to 29 U.S.C. § 1132(g).  *Id.* at 4–5.

---

[3] The first two pages of the Extended CBA are unpaginated, but the page numbers used in this order are consistent with the page numbers beginning on the third page of the Extended CBA.

Attached to the complaint were a copy of the CBA and a signature page showing Defendant's

agreement to be bound by the terms of the CBA. *See generally* CBA; Signature Page. After

Defendant failed to timely file a responsive pleading, the Court entered Defendant's default on

September 24, 2025. *See* Sept. 24, 2025 Entry of Default.

On December 2, 2025, Plaintiff filed the motion for default judgment now before the

Court. Plaintiff asks the Court to require Defendant to submit to an audit, to order an account to

be taken of all employees as to wages received and hours earned, and to order Defendant to

submit all delinquent monthly contribution reports to Plaintiff "covering the period for which the

Collective Bargaining Agreement is to be effective." Mot. Default J. 2. It also asks the Court to

order Defendant to pay delinquent contributions, interest, liquidated damages, costs, and

attorney's fees. *Id.* at 3. Upon request of the Court, Plaintiff filed a supplemental brief on March

17, 2026, and attached the Extended CBA. *See generally* Supp. Br., ECF No. 7. Plaintiff has not

provided a signature page showing Defendant's agreement to be bound by the terms of the

Extended CBA.

## DISCUSSION

### I.     Default Judgment

Federal Rule of Civil Procedure 55 outlines a two-step process for the entry of default

and default judgment. First, the Court must enter a defendant's default if it fails to plead or

otherwise defend against the suit. *See* Fed. R. Civ. P. 55(a). After default has been entered, the

plaintiff may move for default judgment pursuant to Rule 55(b). To be entitled to default

judgment, a plaintiff "must establish his entitlement to the relief he seeks." *In re Catt*, 368 F.3d

789, 793 (7th Cir. 2004). In determining whether the plaintiff has met this burden, the Court

accepts all well-pleaded allegations of the complaint relating to liability, but not those relating to

damages.  *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983).  The amount of any damages may be established at a damages hearing or through documentary evidence or affidavits that establish a definite figure.  *Id.*

The well-pleaded facts in Plaintiff's complaint show that Defendant is liable for violating ERISA by failing to make required payments to the Plan.  *See* 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement.").  From May 2024 to April 2025, Defendant failed to make contributions to the Plan or file contribution reports.  Compl. 3.  However, no materials in Plaintiff's filings show that Defendant's obligation to make contributions or file contribution reports extended beyond May 2024.  The CBA to which Defendant agreed to be bound expired on May 31, 2024.  *See* CBA 1; Signature Page.  Although the Union executed a materially identical agreement effective through May 31, 2027, *see generally* Extended CBA, Plaintiff has not provided an accompanying signature page showing that Defendant is a party to the Extended CBA, nor has Plaintiff pointed to a provision of the CBA indicating Defendant's intent to be bound by future extensions of the CBA.

Therefore, under ERISA and the CBA, an audit is appropriate to determine the extent of damages incurred as a result of Defendant's failure to contribute and report only for the month of May 2024.  *See* CBA 9–10; 29 U.S.C. § 1132(g).  If Plaintiff desires an audit for any months after May 2024, it has leave to file an amended complaint that establishes its entitlement to an audit covering those months by May 8, 2026.

As damages cannot be established until the completion of the audit, default judgment may not yet be entered.  *See In re Catt*, 368 F.3d at 793 (holding that a district court must

4

"conduct an inquiry in order to ascertain the amount of damages with reasonable certainty" before entering judgment (quotation marks omitted)); *see also e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) ("[J]udgment by default may not be entered without a hearing on damages unless the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." (quotation marks omitted)).

**CONCLUSION**

Accordingly, Plaintiff The Board of Trustees of Sheet Metal Workers Local 91 Health & Welfare Plan's motion for default judgment, ECF No. 6, is GRANTED IN PART. The Court finds that Defendant Integrated Environments Testing & Balancing, LLC is liable for violating ERISA and therefore ORDERS Defendant to submit to an audit. Because the amount of damages cannot be determined until the audit is performed, the Court DENIES Plaintiff's request for the entry of default judgment. The Court also DENIES Plaintiff's request for an audit for months after May 2024. If Plaintiff desires an audit for any subsequent months, it may file an amended complaint by May 8, 2026.

By May 26, 2026, Defendant must submit to an audit by Plaintiff and provide every company record that is necessary to determine the amount of contributions owed by Defendant from May 1, 2024 to May 31, 2024.

By June 26, 2026, Plaintiff may file a renewed motion for default judgment with the results of the audit regarding the amounts of any unpaid contributions, interest, and liquidated damages, together with any claims for reasonable attorney's fees and all supporting documentation.

Entered this 24th day of April, 2026.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE